# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| Monica Williams,<br><br>    Plaintiff,<br>v.<br><br>Westlake Services, LLC d/b/a Westlake Financial Services; and Experian Information Solutions, Inc.<br><br>    Defendants. | Case No.: 1:22-cv-283<br><br>**COMPLAINT** |

Comes now Plaintiff, Monica Williams ("Plaintiff") by and through counsel undersigned, upon information and belief, hereby complain as follows:

## I.     INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, damaging Plaintiff.

## II.     PARTIES

2. Plaintiff is and was at all times hereinafter mentioned, a resident of the County of Baldwin, Alabama.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake Services") is a for profit corporation, licensed to do business in Alabama and is a furnisher of credit related information.

5. Defendant Westlake Services is, and at all times relevant hereto was, regularly doing business in the State of Alabama.

6. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Alabama and has designated the following registered statutory agent: CT Corporation System, 2 North Jackson St. Suite 605 Montgomery, AL 36104.

7. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Alabama.

8. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f), licensed to do business in Alabama as a Foreign Limited Liability Company.

### III.   JURISDICTION AND VENUE

11. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Baldwin County, Alabama and Defendants do business in Alabama.

13. Personal jurisdiction exists over Defendants as Plaintiff resides in Alabama, Defendants have the necessary minimum contacts with the state of Alabama, and this suit arises out of specific conduct with Plaintiff in Alabama.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Westlake Services and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

15. Experian is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

16. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

17. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

18. On or around April 2022, Plaintiff discovered Defendant Westlake Services was erroneously reporting a duplicate account (the "Account") on Plaintiff's Experian consumer report.

19. The reporting is not accurate because Defendants Westlake Services is reporting the same account twice, with a balance due, for a single account held by Plaintiff.

20. Westlake Services is reporting a balance on the Account under the Westlake Services and Westlake Portfolio Management tradelines.

21. The false information regarding the Account appearing on Plaintiff's

consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

22. On or about April 13, 2022, Plaintiff sent a written dispute to Experian (the "Dispute") disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

23. Upon information and belief, Experian forwarded Plaintiff's Dispute to Defendant Westlake Services.

24. Upon information and belief, Westlake Services received notification of Plaintiff's Dispute from Experian.

25. Upon information and belief, Westlake Services verified the erroneous information associated with the Account to Experian.

26. Westlake Services did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

27. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

28. Upon information and belief, Westlake Services failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

29. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute.

30. At no point after receiving the Dispute did Westlake Services and/or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's

4

Dispute.

31.     Experian relied on its own judgment and the information provided to it by Westlake Services rather than grant credence to the information provided by Plaintiff.

## COUNT I – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

32.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

33.     After receiving Plaintiff's Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

34.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

35.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36.     Defendant Experian's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

37.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

38.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

39. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

41. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

42. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43. Defendant Experian 's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – WESTLAKE SERVICES

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(B))

46. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47. After receiving the Dispute, Westlake Services failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

48. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Westlake Service's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Westlake Service's representations to consumer credit reporting agencies, among other unlawful conduct.

49. As a result of this conduct, action, and inaction of Defendant Westlake Services, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. Defendant Westlake Service's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51. In the alternative, Defendant Westlake Services was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Westlake Services pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Trial by Jury;

B.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted July 19, 2022

MCCARTHY LAW, PLC

*/s/ Patricia S. Lockhart*
Patricia S. Lockhart
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff